IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE WALTER PRESLEY,<br>    Petitioner,<br><br>v.<br><br>CLIFFORD WALKER,<br>*Chairman, Alabama Board of*<br>*Pardons and Paroles,*<br>    Respondent. | CIVIL ACTION NO. 16-00598-KD-N |

## REPORT AND RECOMMENDATIONS

Petitioner George Walter Presley, a former Alabama prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).[1] The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (electronic referral entered 12/1/2016). After conducting preliminary review of the petition in accordance

---

[1] Presley filed the present petition while still incarcerated but has since reported he was released on parole April 17, 2017. (*See* Doc. 11). Presley's release from confinement does not moot his habeas petition, since the petition was filed while he was still incarcerated, and parole can also satisfy the "in custody" requirement for habeas petitions. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (per curiam); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (per curiam).

with Rule 4 of the Rules Governing Section 2254 Cases, it appears that the petition is due to be dismissed, as it plainly appears from the face of the petition and attached exhibits that the petition is time-barred, and Presley is therefore not entitled to relief.

## I. *Analysis*

### A. Statute of Limitations

Presley challenges a criminal judgment entered against him by the Circuit Court of Mobile County, Alabama.[2] Because Presley's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). Among other things, AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Because Presley challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Presley's present petition supports running his one-year limitations period from any of the dates in § 2244(d)(1)(C) and (D).[3]

Under § 2244(d)(1)(A), Presley ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)). However, it appears that Presley's criminal judgment became final sometime in 1991 after the conclusion of his direct appeals.[4] "[F]or all of those prisoners who[, like Presley,] had completed the direct appeal process before AEDPA, the one-year limitations period began running on the statute's effective date, which was April 24, 1996." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1213 n.13 (11th Cir. 2014)

---

[3] While Presley argues that his limitations period should run from the date in § 2244(d)(1)(B), as will be explained herein, he has failed to show entitlement to utilize that provision.

[4] Per the allegations in the petition, the Alabama Court of Criminal Appeals affirmed Presley's criminal judgment on June 14, 1991, and he did not file an application for rehearing. (*See* Doc. 1 at 3. *See also id.* at 68 [Court of Criminal Appeals 6/14/1991 Memorandum Opinion]).

(citing *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam)). *Accord Walton*, 661 F.3d at 1310.

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310. However, once his AEDPA limitations period began running, Presley did not file a state court petition for post-conviction relief until February 24, 2010, long after his one-year statute of limitation expired on April 24, 1997. (*See* Doc. 1 at 4, 73). "While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).[5] Thus, Presley's present habeas petition, filed November 22, 2016, the date he certifies under penalty of perjury that it was delivered to prison officials

---

[5] Attached to Presley's petition, as "Appendix J," is an order entered September 24, 2015, by the Circuit Court of Mobile County, Alabama, denying Presley's fifth state petition for post-conviction relief filed October 15, 2014. (Doc. 1 at 72 – 77). The "procedural background" section of that order indicates that Presley's first petition for post-conviction relief was filed on November 30, 1990, but that those proceedings ended in 1991 after the denial of relief was affirmed on appeal. (*Id.* at 72). The procedural background further indicates that Presley filed several motions to "amend sentence" after his AEDPA limitations period began running, the earliest of which was "denied on October 14, 2003." Even assuming that the motions to "amend sentence" could be considered "properly filed application[s] for State post-conviction or other collateral review," they too appear to have been filed after the expiration of Presley's limitations period.

for mailing, *see* Rule 3(d) of the Rules Governing Section 2254 Cases, is untimely under § 2244(d)(1)(A).

While a "statute of limitations defense … is not 'jurisdictional,' … district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 205, 209 (2006). Here, the undersigned chooses to raise the statute of limitations defense *sua sponte*, as it plainly appears that Presley's petition is due to be dismissed as time-barred. *See* Rule 4 of the Rules Governing Section 2254 Cases ("If[, after preliminary review,] it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Accordingly, by order dated January 30, 2017 (Doc. 7), the undersigned advised Presley of the above determinations and set a deadline for him to "file with the Court any briefing, evidence, and/or other materials he deems necessary to show why his petition should not be dismissed as time-barred." The January 30 order also advised Presley of certain equitable exceptions to untimeliness – namely, "equitable tolling" and the "actual innocence" exception established in *Schlup v. Delo*, 513 U.S. 298 (1995). Presley requested and received three extensions of the deadline to respond to the January 30 order, with the last extension setting the deadline for July 19, 2017 (*See* Docs. 8, 9, 11, 12, 13, 14). To date, Presley

has filed no materials responsive to the January 30 order.

As the January 30 order acknowledged, Presley's petition offers some argument for why his petition is not time-barred.[6] First, Presley contends that the state courts have reopened his direct appeal under Alabama Rule of Criminal Procedure 32. *See* Ala. R. Crim. P. 32.1(f) ("[A]ny defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that…[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself…and that failure was without fault on the petitioner's part."); *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."). However, the exhibits attached to Presley's petition, which include documents issued by the Alabama trial and appellate courts related to Presley's Rule 32 proceedings, do not support this contention, and a review of the publicly available docket of Presley's Mobile County criminal case (Case No. 02-CC-1990.000153) through

---

[6] The undersigned is mindful of the obligation to construe Presley's *pro se* petition liberally. *See, e.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc) ("Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners are often unlearned in the law and unfamiliar with the complicated rules of pleading, we do not impose on them the same high standards of the legal art which we might place on the members of the legal profession. Accordingly, we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (citations and quotations omitted)).

alacourt.com (https://v2.alacourt.com/ (last visited Aug. 2, 2017)) contradicts this contention. In its order dismissing Presley's most recent Rule 32 petition – his fifth, filed October 15, 2014 – the circuit court summarized Presley's previous unsuccessful attempts at Rule 32 relief. (Doc. 1 at 72 – 77). The Alabama Court of Criminal Appeals affirmed the dismissal of Presley's fifth Rule 32 petition in a memorandum opinion issued July 1, 2016, a copy of which is attached as an exhibit hereto. The Alabama Supreme Court denied certiorari review of that decision on September 16, 2016, and both appellate courts issued certificates of judgment that same day. (Doc. 1 at 59 – 60). Because Presley has not been granted an out-of-time direct appeal on state collateral review, his criminal judgment remains "final" for purposes of § 2244(d)(1)(A).[7]

Second, Presley appears to contend that his limitations period should be governed by § 2244(d)(1)(B) (running limitations period from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action"), or that he is entitled to equitable tolling, *see, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a

---

[7] "[T]he possibility that a state court may reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal[.]' " *Jimenez*, 555 U.S. at 120 n.4 (quoting *Beard v. Banks*, 542 U.S. 406, 412 (2004)) (alterations added). To the extent Presley claims that Rule 32 proceedings are themselves continuations of the direct appeal process, he is wrong. *See, e.g.*, *Hamm v. State*, 913 So. 2d 460, 471-72 (Ala. Crim. App. 2002) (explaining that Rule 32 proceedings are a postconviction remedy collaterally attacking criminal proceedings "after the defendant has failed to secure relief through direct review of his conviction").

litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."), because the Mobile County Circuit Clerk's Office has either refused or been unable to provide him with records from his state court file.

> Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence. Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing.

*Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citations and quotations omitted).[8]

---

[8] The Eleventh Circuit has "stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And [it] ha[s] not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582, 161 L. Ed. 2d 542 (2005))." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir.) (per curiam) (unpublished) (denying equitable tolling for untimely § 2254 petition), *cert. denied*, 136 S. Ct. 300 (2015).

The "extraordinary circumstance" prong of equitable tolling "require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Presley's petition asserts that he was unconstitutionally denied the right to allocution at trial, was given an unconstitutionally excessive sentence, and was denied due process by the circuit court's order modifying the sentence without Presley's "presence or knowledge" after he began his incarceration.[9] However, he has failed to explain with any sort of specificity how the lack of access to his state court record impeded his ability to timely file a federal habeas petition on any of these grounds, such that he would be entitled to invoke § 2244(d)(1)(B). *Cf. Johnson v. Fla. Dep't Of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008) ("Johnson has not established that the State's objection to the production of certain documents constituted an illegal impediment to filing his § 2254 petitions…Johnson has never identified to this Court a single document to which he did not ultimately gain access, **much less how its lack prevented him from filing either of his § 2254 petitions**. Johnson's factual allegations fall far short of the standard required to invoke § 2244(d)(1)(B)." (emphasis added) (footnote omitted)). Likewise, Presley has

---

[9] Presley also claims entitlement to habeas relief based on various errors of Alabama law and on defects in his Rule 32 proceedings. However, it is well settled that "that federal habeas corpus relief does not lie for errors of state law[,]" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation omitted); likewise, " 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.' " *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010) (quoting *Quince v. Crosby,* 360 F.3d 1259, 1262 (11th Cir. 2004)).

failed to demonstrate entitlement to equitable tolling because he does not present any "specific" allegations demonstrating how the lack of access to his state court record "stood in his way" of asserting any of the present grounds for federal habeas relief. Indeed, the attached July 1, 2016 Court of Criminal Appeals opinion indicates that Presley was able to raise each of these claims in his most recent Rule 32 petition. *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (per curiam) (unpublished) ("Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. ").

Presley is also not entitled to equitable tolling because he failed show that he was pursuing his rights with "reasonable diligence." As explained above, Presley's limitations period began running on April 24, 1996. Because there is no evidence Presley filed any proper tolling motions after the limitations period began running, the period expired on April 24, 1997.[10] The record indicates that,

---

[10] *See Downs v. McNeil*, 520 F.3d 1311, 1317–18 (11th Cir. 2008) ("The district court interpreted § 2244(d)(1)'s one-year rule to mean the limitations period expired October 17, 2000, 365 days after the mandate issued. Although that calculation appears to comply with the statutory directive limiting the

following the expiration his AEDPA limitations period, Presley attempted to take action on his state court criminal judgment, at the earliest, sometime in 2003, when he filed a motion to modify or amend sentence, which was denied on October 14, 2003. (*See* Doc. 1 at 72). Presley waited until almost 13 years after the limitations period expired to seek postconviction relief under Rule 32 (*see id.* at 73), and over 19 years to seek federal habeas relief in the instant petition. Presley complains that his inability to secure court records from his state criminal proceedings hampered his ability to seek postconviction relief. However, the record indicates that Presley did not attempt to secure copies of his records until late 2012, at the earliest, when he sent a *pro se* request for records to the Mobile County Circuit Clerk (Doc. 1 at 81 – 82 [Petition Appendix N]), who advised Presley in a letter dated December 27, 2012, that her office was unable to locate Presley's original paper file and could not produce any documents from Presley's case prior to 2010 (*id.* at 64 [Petition Appendix D]). Given this procedural history, it cannot be said that Presley has shown the diligence required for equitable tolling.[11]

---

limitations period to 'one year,' this Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").
[11] *Cf. Spears,* 605 F. App'x at 905 ("Looking only at the period between what appears to be Spears's last prison transfer in April 2002 (to Hays State Prison, where he was incarcerated at the time of his state habeas petition) and the filing of Spears's petition for a writ of habeas corpus in state court in December 2007, Spears has not alleged that he took any action to pursue his rights. Rather, he explained that he did not seek information about his appeal or post-conviction rights for years following his conviction because he believed that he did not have

Accordingly, because Presley has failed to show that he is entitled to invoke § 2244(d)(1)(B) or to equitable tolling,[12] his present habeas petition is due to be **DISMISSED with prejudice** as time-barred under § 2244(d)(1)(A).

### B. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the

---

the right to appeal. But, as explained previously, procedural ignorance is not an excuse for prolonged inattention when a statute calls for prompt action…While it may be true, as Spears's counsel argues, that any assessment of what is 'reasonable' diligence must take into account Spears's mental illnesses and the fact that he was told that he could not appeal, the record supports the district court's finding that Spears did not exercise reasonable diligence because he took no action to pursue his rights until 2007.")

[12] Presley has presented no argument that he is entitled to utilize the *Schlup* "actual innocence" gateway to overcoming AEDPA's statute of limitations.

absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the undersigned finds that Presley should be **DENIED** a Certificate of Appealability as to the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists find it debatable whether the Court was correct in dismissing Presley's petition as time-barred under § 2244(d)(1)(A).

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20,

2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[13]

## C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically,

---

[13] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

> "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Presley in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[14]

## II.  *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Presley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED with prejudice** as time-barred, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Presley is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("In every case, the clerk must serve a copy of

---

[14] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved."), the Clerk of Court is **DIRECTED** to serve copies of Presley's petition (Doc. 1) and this Report and Recommendation on the Respondent and the Attorney General of Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of October 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**